UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:

TINDARO S. BISBANO and                    :        Case No. 04-26434T
CHARLENE R. KRAUSE,
       *Debtor(s)*                               :

                                                       :

**ORDER**

AND NOW, this 4th day of January, 2006, upon consideration of the Motion filed by Equity One, Inc. ("Equity One") to Obtain an Order Reopening Bankruptcy Case and Annulling Automatic Stay, the Answer thereto filed by Debtor, Tindaro S. Bisbano ("Mr. Bisbano")[1] and the Stipulation of Facts and briefs filed by counsel for Equity One and counsel for Mr. Bisbano, it is ORDERED that Equity One's Motion is hereby GRANTED and this bankruptcy case is hereby REOPENED for the limited purpose of permitting this court to enter this Order annulling the automatic stay in order to retroactively validate and confirm the foreclosure sale which was held on May 6, 2005 and the May 23, 2005 delivery and subsequent recording of the Sheriff's Deed as the court finds that annulment of the automatic stay and retroactive validation and confirmation of the foreclosure sale and delivery and recording of the Sheriff's deed are warranted in this case since: *(1)* Equity One did not have notice of this bankruptcy filing since Debtors failed to list Equity One as a creditor in the Schedules that they filed in this bankruptcy case and Debtors failed to list their

---

1. We note that the Notice of Appearance filed by Paul H. Herbein, Esquire, counsel for Debtor, on October 20, 2005 indicates that Mr. Herbein is only representing Debtor, Tindaro S. Bisbano in connection with the motion filed by Equity One which is presently before us. We further note that Debtor, Charlene R. Krause, has not filed a response to Equity One's motion and we therefore must assume that she is not opposing this motion.

interest in the property in question in said Schedules; and *(2)* retroactive relief from the automatic stay is warranted under 11 U.S.C. §362(d)(1) and (2) since: *(a)* Debtors lacked equity in the property in question;[2] and *(b)* Equity One's interests were not adequately protected.[3]  In re Siciliano, 13 F.3d 748, 751-52 (3rd Cir. 1994).

IT IS FURTHER ORDERED that the automatic stay is hereby RETROACTIVELY ANNULLED with respect to the foreclosure sale of the property known as 1102 Nicholls St., Reading, PA 19604 held on May 6, 2005, the May 23, 2005 delivery of the Sheriff's deed to the property known as 1102 Nicholls St., Reading, PA 19602 to Equity One and the subsequent recording of the Sheriff's Deed to that property with the Berks County Recorder of Deeds in Book 4586 of Deeds at page 0579.

IT IS FURTHER ORDERED that the foreclosure sale of the property known as 1102 Nicholls St., Reading, PA 19604 held on May 6, 2005 is hereby RETROACTIVELY VALIDATED AND CONFIRMED.

---

2. Debtors have no equity in the property in question since the fair market value of the property is $130,000.00 and the foreclosure judgment entered in favor of Equity One was $188,595.22. See Stipulation of Facts, ¶¶15, 16, 17. (Paragraph 17 of the Stipulation of Facts states that if Debtors intend to dispute the valuation of the property they were to provide the Court with an expert valuation within ten days of the date of the Court's approval of the Consent Order. The Consent Order was entered on October 31, 2005 and Debtors have yet to provide the Court with an expert valuation of the property. Accordingly, we find that Debtors do not dispute that the fair market value of the property in question is $130,000.00). We further find that the property in question is not necessary to an effective reorganization. First, Mr. Bisbano is not listed on the deed as an owner of the property in question. Only Ms. Krause and Maria Bisbano (Mr. Bisbano's mother, who is not a debtor in this bankruptcy case) are so listed on the deed and neither Ms. Krause nor Mrs. Bisbano are contesting Equity One's motion to reopen and annul automatic stay. Second, the chapter 13 Trustee's motion to dismiss this case with prejudice due to Debtors' failure to attend the section 341 meeting and due to Debtors' failure to make plan payments was granted by Order entered on June 23, 2006.

3. The foreclosure complaint was filed by Equity One due to Ms. Krause and Mrs. Bisbano's default on the mortgage. See Stipulation of Facts, ¶1. In addition, the chapter 13 Trustee filed a motion to dismiss this case with prejudice on May 11, 2005 due to Debtors' failure to make plan payments and Debtors' failure to attend the section 341 meeting. The Trustee's motion to dismiss this case with prejudice was granted on June 23, 2005.

IT IS FURTHER ORDERED that the May 23, 2005 delivery of the Sheriff's deed to the property known as 1102 Nicholls St., Reading, PA 19604 to Equity One is hereby RETROACTIVELY VALIDATED AND CONFIRMED.

IT IS FURTHER ORDERED that the recording of the Sheriff's Deed to the property known as 1102 Nicholls St., Reading, PA 19604 with the Berks County Recorder of Deeds in Book 4586 of Deeds at page 0579 is hereby RETROACTIVELY VALIDATED AND CONFIRMED.

IT IS FURTHER ORDERED that, provided no party appeals this Order, the Clerk shall forthwith close this case, without further notice, hearing or Order of this Court, upon the expiration of the ten (10) day appeal period.


Reading, PA

THOMAS M. TWARDOWSKI
United States Bankruptcy Judge